BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GATEWAY VIDEO GAME ADDICTION PRODUCT LIABILITY LITIGATION | MDL No.: 3168 |

INTERESTED PARTY SHARON LITTON'S, AS GUARDIAN
AD LITEM AND ON BEHALF OF TKL, A MINOR,
RESPONSE TO THE MOTION TO TRANSFER AND CONSOLIDATE

INTRODUCTION

Interested Party Sharon Litton, as guardian ad litem and on behalf of TKL, a minor ("Respondent") pending in the Northern District of California, *Litton v. Roblox Corp., et al.*, No. 3:25-cv-03088-AMO, submits this response pursuant to 28 U.S.C. section 1407 ("Section 1407") and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Panel Rule 6.2(e)"), to the Motion to Transfer Actions for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 ("Motion") filed by Plaintiff/Movant Rochelle Tomlin ("Movant"). MDL No. 46, Dkt. No. 1.

Respondent agrees with Movant that the litigation should be consolidated, pursuant to Section 1407. Common questions of fact and law abound, and consolidation will promote the just and efficient conduct of these actions and serve the goals of judicial economy. Respondent further agrees that transfer is appropriate because transfer will further the convenience of the parties and witnesses.

However, this litigation would be better served in the first instance by transfer to the Northern District of California, where six of the seventeen complaints (including the complaint by Plaintiff Litton) have been filed, Defendant Roblox is headquartered, Defendant Microsoft Corporation has a large presence, and where Defendants Epic Games and Microsoft Corporation

regularly do business. The Northern District of California is the most appropriate transferee forum because of Defendants' presence there (in addition to relevant documents and employees being found there), it is an easily accessible travel hub and is experienced at efficiently advancing and resolving complex cases such as this one.  Additionally, the litigations are most advanced in this courthouse with motion practice and discovery already underway.

Accordingly, Respondent respectfully moves the Judicial Panel on Multidistrict Litigation ("Panel") for an Order, pursuant to Section 1407 and Panel Rule 6.2(e), for consolidated pre-trial proceedings in the United States District Court for the Northern District of California before the Honorable Araceli Martínez-Olguín.

## BACKGROUND

Respondent Litton adopts the background set forth by Movant-Plaintiff Rochelle Tomlin in their Motion and Memorandum of Law. *See* Dkt. 1, 1-1.

Respondent's case is currently pending in the Northern District of California before Judge Araceli Martínez-Olguín. Three other cases, *Galarza v. Epic Games*, No. 25-cv-06245, *Chandler v. Roblox Corp.*, No. 25-cv-6877, *Jesse v. Roblox Corp.*, Case No.25-cv-07964 and *Brown v. Roblox Corp.*, No. 3:25-cv-07660, have been related to Respondent's case and transferred to Judge Martínez-Olguín.  Respondent alleges similar claims and injuries as the other cases listed in the Schedule of Actions, regarding significant injuries related to video game addiction including claims sounding in product liability, negligence, and/or fraud/misrepresentation.

## ARGUMENT

I. **Consolidation and Transfer Pursuant to Section 1407 is Warranted Here.**

Pursuant to Section 1407, transfer and consolidation is appropriate where the transfer will serve the convenience of the parties and witnesses and will promote the just and efficient conduct

of the transferred cases. 28 U.S.C. § 1407. The Panel considers four factors to determine whether transfer and consolidation in any particular district is appropriate: (1) the elimination of duplication in discovery; (2) the avoidance of conflicting rules and schedules; (3) the reduction of litigation cost; and (4) the conservation of the time and effort of the parties, attorneys, witnesses, and courts. *See* Manual for Complex Litigation (Fourth) § 31.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)).

Here, all four factors weigh in favor of transfer and consolidation in the Northern District of California.

Respondent agrees with the arguments presented in the original Motion, and Memorandum of Law, regarding consolidation and centralization of the cases. All involve common issues of fact and law regarding significant injuries related to video game addiction including claims sounding in product liability, negligence, and/or fraud/misrepresentation. Determination of the common facts and issues in a single district will benefit the parties and witnesses, since it will eliminate the duplication of discovery. It will also avoid conflicting rules, schedules, and promote the just and efficient prosecution and resolution of the actions. Without transfer and consolidation of the actions, the significant hazard of inconsistent rulings exists, and judicial inefficiency, overlapping discovery, and unnecessary expense will certainly result.

*The Gateway Video Game Addiction Product Liability Litigation* cases are well-suited for centralization under Section 1407. Though scattered across the country, these cases are closely related: they share the same Defendants, the same basic theories of liability, and the same basic factual allegations. All of the cases will involve the same core of lay and expert witnesses and document discovery. Further, at the time of this filing, there are numerous individual cases already on file in numerous jurisdictions, filed by independent law firms. Separate litigation of these cases,

3

as well as the hundreds of others likely to be filed in the future, would be extremely inefficient, lead to potential differing outcomes, duplicative discovery, and significant burden on all parties as well as the respective District Courts. Transferring of these matters pursuant to Section 1407, however, would enhance the convenience and efficiency of this litigation and significantly conserve judicial resources in the process. Thus, the Panel should order transferring these cases to one judicial district for pretrial coordination or consolidation.

## II.     The Northern District of California is the Most Appropriate Transferee Forum.

In selecting the transferee court, the Panel routinely considers several factors, including "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." Manual for Complex Litigation (Fourth) § 20.131 (2004). Each of these factors supports consolidation and transfer to the Northern District of California. First, the Northern District of California is nearly tied with the Eastern District of Pennsylvania for the largest number of the cases in the Schedule of Actions that have been filed in a single district with more than one-third currently pending before Judge Martínez-Olguín.

Second, both the discovery and case progression factors support the Northen District of California.  Arbitration based discovery is well underway in the *Litton* Action and Judge Martinez-Olguin has ruled on some preliminary motions including Defendants' request to stay discovery- which was denied.  Thus, the location where cases have progressed furthest weighs in favor of the Northern District of California.

Third, Defendant Roblox's corporate headquarters are in San Mateo, California. Many of the crucial witnesses and documents will therefore be located in the Northern District of California,

4

and "the site of the occurrence of the common facts" is also in the Northern District of California. Moreover, Microsoft has a large presence in the Northern District of California,[1] and both Epic Games and Microsoft regularly do business in California.[2]

Fourth, the Honorable Araceli Martínez-Olguín is an extremely qualified jurist who is more than capable of handling the complexity of an MDL, and the Northern District of California regularly demonstrates that it is capable of handling MDLs of this magnitude. Prior to becoming a judge, Judge Martínez-Olguín clerked for the Honorable David Briones, in the District Court for the Western District of Texas.  She has over twenty years of experience in complex civil litigation, primarily civil rights, including several years as a managing attorney.  Accordingly, Judge Martínez-Olguín is a qualified jurist that is more than capable of handling this litigation in an efficient and effective manner.  While there are currently seventeen MDLs pending in the Northern District of California,[3] none is before Judge Martínez-Olguín; therefore, Judge Martínez-Olguín would have the time and resources to dedicate to an MDL of this magnitude.

Fifth, as the Panel observed in *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well

---

[1] https://blogs.microsoft.com/bayarea/2022/01/20/microsofts-origin-in-the-bay-area-is-rooted-in-innovation-and-talent; https://blogs.microsoft.com/bayarea/2025/04/03/decades-of-innovating-in-the-heart-of-silicon-valley-microsofts-deep-roots-in-the-bay-area.

[2] Defendants Epic Games, Microsoft, and Mojang routinely conduct business in California and have sufficient minimum contacts in California, stemming from their activities whereby they have purposefully and intentionally availed themselves of this jurisdiction and the benefits and protections of the laws of the State of California by marketing video game Products and transacting business in the State of California.  Both Epic Games and Microsoft have registered with the California Secretary of State:  Epic's agent for service of process in California is CT Corporation System - 330 N Brand Blvd., Glendale, California, 91203. Microsoft's registered agent for service of process in California is Corporation CSC – 2710 Gateway Oaks Drive, Sacramento, California 95833.

[3] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-September-2-2025.pdf.

developed support system for legal services." 196 F. Supp. 2d 1375, 1376–77 (J.P.M.L. 2002). The Northern District of California offers an easily accessible forum for litigation, as it is served by three nearby airports (San Francisco, Oakland, and San Jose), all with easy access to the proposed transferee courthouse in San Francisco.

Given the nationwide distribution of the video games that are the subject of the litigation, the Panel can expect that plaintiffs, putative class members, counsel, experts, and witnesses are likely to be located across the country. Thus, the close proximity of three airports to the proposed transferee courthouse will serve to minimize cost and inconvenience to all parties. *See In re Power Morcellator Prod. Liab. Litig.*, 140 F. Supp. 3d 1351, 1354 (J.P.M.L. 2015) (transferring and consolidating cases in a district "easily accessible for all parties").

## **CONCLUSION**

For the foregoing reasons, Interested Party-Respondent respectfully requests that this Panel transfer the actions identified in the Schedule of Actions, and subsequently filed tag along actions, to Judge Martínez-Olguín of the Northern District of California for coordinated or consolidated proceedings.

Respectfully submitted,

**BRADLEY/GROMBACHER LLP**

/s/ *Kiley Grombacher*
Kiley L. Grombacher, Esq.
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Phone: (805) 270-7100
Email: mbradley@bradleygrombacher.com
Email: kgrombacher@bradleygrombacher.com

*Counsel for Interested Party-Respondent Sharon Litton, as guardian ad litem and on behalf of TKL, a minor*