UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GATEWAY VIDEO GAME ADDICTION
PRODUCTS LIABILITY LITIGATION                                    MDL No. 3168

ORDER DENYING TRANSFER

**Before the Panel**:[*] Plaintiff in the Eastern District of Pennsylvania *Tomlin* action, listed on Schedule A, moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania.  This litigation consists of seventeen actions pending in seven districts, as listed on Schedule A.  Since the filing of the motion, the parties have notified the Panel of 22 related actions filed in seven districts.  In total, 39 cases are pending across eleven districts.

Plaintiffs in fifteen actions and potentially-related actions support centralization and variously suggest centralization in one or more of the following districts: the Northern District of California, the District of Colorado, the District of Maine, the District of Maryland, the District of Nevada, or the Eastern District of Pennsylvania.  Defendants[1] oppose centralization and, alternatively, suggest centralization in the Western District of Missouri.

All actions are individual personal injury actions in which plaintiffs allege that, to increase profits from in-game purchases, defendants developed and sold video games with psychologically addictive features designed to cause minors to become addicted to video games.  The products at issue are what plaintiffs term in their briefs the "gateway" video games Roblox, Fortnite, and Minecraft.[2]  Plaintiffs allege (1) defendants failed to warn minors and their parents about the risks associated with excessive use of their video game products or include available safeguards to curb excessive use; (2) defendants' marketing strategies specifically target minors; and (3) the products lack sufficient parental controls, including age verification.  We previously denied centralization of a smaller group of similar cases in which plaintiffs alleged an industrywide practice to intentionally design video games with psychologically addictive features for the purpose of generating prolonged, compulsive use among game players and fueling in-game purchases.  *See*

---

[*]    Judge David C. Norton and Judge Madeline Cox Arleo did not participate in the decision of this matter.

[1]    Roblox Corp. (Roblox); Epic Games, Inc. (Epic); Microsoft Corp. (Microsoft), and Mojang AB (Mojang)

[2]    Some actions also include similar allegations about the Xbox platform, which is also manufactured by Microsoft.

- 2 -

*In re Video Game Addiction Prods. Liab. Litig.*, MDL No. 3109, 737 F. Supp. 3d 1353, 1354 (J.P.M.L. 2024).  The litigation involved over 30 different defendants, many of which were involved in just one or two actions.  We found that the differences among the cases outweighed any efficiencies to be gained by centralization.  *See id.*

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation.  We remain concerned that the scope of this litigation may quickly grow too large, as plaintiffs who played different games on different platforms—in addition to the "gateway" video games at issue in the cases currently pending— file new actions.  There are now more actions before the Panel than in the previous iteration of this litigation, and they are ostensibly more narrowly focused to just three groups of defendants.  But we are not persuaded that the litigation will not grow to encompass a large tangle of defendants and products, similar to what was before us in *In re Video Game Addiction*, which risks creating an MDL too unwieldy for any single judge to manage.  We typically are "hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products."  *In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F.Supp.2d 1377, 1378 (J.P.M.L. 2012).  Where, as here, plaintiffs do not allege that defendants acted in concert, proponents bear a heavier burden of persuading us that common allegations and discovery will outweigh the attendant case management complications of a multi-product, multi-defendant MDL.

As defendants note, several plaintiffs have named unspecified Doe defendants, leaving open the possibility that they will amend their actions to include additional defendants, games, and gaming platforms.  Movant requests the Panel limit the scope of this litigation solely to the defendants that designed and manufactured Roblox, Minecraft, and Fortnite, but movant does not sufficiently address how to keep the litigation so limited.  As defendants argue, even if the actions do not name other defendants that designed and manufactured additional games and gaming platforms, these myriad other companies, games, and gaming platforms still may be relevant to the causation inquiry.  Plaintiffs also have not persuaded us that these three games are sufficiently unique from other video games such that future plaintiffs would similarly limit their complaints to allegations about only these games.  Plaintiffs assert that these specific games work as "gateways" to video game addiction.  But they do not allege that the minor plaintiffs in these actions *only* played Roblox, Fortnite, and Minecraft or even that these were the first games each minor plaintiff played—they merely assert that these three games are among the first games that children play.  At oral argument, movant argued that Roblox, Fortnite, and Minecraft are unique because the manufacturer of each game targets youth through educational channels.  But this slim reed of commonality does not outweigh the likelihood that other companies and products will be drawn into this litigation, injecting a host of individualized issues and diminishing the efficiency of centralized proceedings.  Finally, many of the complaints include allegations about the Xbox platform, but plaintiffs do not justify why claims concerning this gaming platform over any other should be included in the litigation.

Informal coordination seems a practicable alternative to centralization of these cases. While there are 39 related actions now pending, 29 of them are pending in just two courts, and

- 3 -

there is some overlap among plaintiffs' counsel.  We also find it notable that, of the fifteen actions and potentially-related actions at issue in MDL No. 3109, all were dismissed or stayed pending arbitration since we denied centralization in June 2024.  Where related actions have not "required significant judicial attention," we have found that "centralization may in fact thwart the orderly resolution" of the cases.  *In re ArrivalStar S.A. Fleet Mgmt. Sys. Patent Litig.*, 802 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Roger T. Benitez              Dale A. Kimball

**IN RE: GATEWAY VIDEO GAME ADDICTION**
**PRODUCTS LIABILITY LITIGATION**                           MDL No. 3168

## SCHEDULE A

Eastern District of California

J.S. v. EPIC GAMES, INC., C.A. No. 2:25−02727

Northern District of California

LITTON, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−03088
GALARZA v. EPIC GAMES, INC., ET AL., C.A. No. 3:25−06245
CHANDLER v. EPIC GAMES, INC., ET AL., C.A. No. 3:25−06877
BROWN v. ROBLOX CORPORATION, C.A. No. 3:25−07660
JESSE v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07964
AUSTIN v. ROBLOX CORPORATION, ET AL., C.A. No. 4:25−08122

District of Colorado

WHITTAKER v. ROBLOX CORPORATION, ET AL., C.A. No. 1:25−02967

District of Maryland

MERRIMAN v. ROBLOX CORPORATION, C.A. No. 1:25−03130

District of Maine

HENDERSON v. ROBLOX CORPORATION, ET AL., C.A. No. 1:25−00467

Eastern District of Pennsylvania

TOMLIN v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−04301
FRENCH v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−05306
SPENNATO v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−05436
WEST v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−05471
Z.A.E., ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 5:25−05249
SCARPULLA, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 5:25−05477

Middle District of Pennsylvania

HICKS, ET AL. v. EPIC GAMES, INC., ET AL., C.A. No. 3:25−01789